13-2379 (L)
Stevens v. Landmark

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fourteen.

PRESENT: ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges*,
VERNON S. BRODERICK,
*District Judge*.*

_____

GARY P. STEVENS,
*Plaintiff-Counter-Defendant-Appellant-
Cross-Appellee*,

v.                                                        No.    13-2379(L)
                                                                 13-2492(XAP)

LANDMARK PARTNERS, INC.,
*Defendant-Counter-Claimant-Appellee
-Cross-Appellant*.

_____

APPEARING FOR APPELLANT:     GRAEME W. BUSH (Jason M. Knott, on the brief), Zuckerman Spaeder LLP, Washington, DC.

APPEARING FOR APPELLEES:     H. ROBERT FIEBACH (Robert V. Dell'Osa, on the brief), Cozen O'Connor, Philadelphia, PA.

---

* The Honorable Vernon S. Broderick, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Michael P. Shea, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Gary P. Stevens appeals from a judgment entered after trial of his claims against his former employer, defendant-appellee Landmark Capital, Inc. ("Landmark"). He challenges a number of rulings of the district court stemming from the court's interpretation of Stevens's employment agreement (the "Agreement") with Landmark. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

On appeal, Stevens principally contends that the district court erred in applying the parol evidence rule to preclude him from arguing at trial that the Agreement entitled him to a share of the growth in the value of Landmark. We review *de novo* a district court's interpretation of a contract. *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009). We further note that under Connecticut law, which governs the substance of this dispute, contracts are more readily interpreted as a matter of law where "the disputed agreement was a commercial contract between sophisticated commercial parties with relatively equal bargaining power," *Tallmadge Bros. v. Iriquois Gas Transmission Sys., L.P.*, 746 A.2d 1277, 1287-88 (Conn. 2000), and that Stevens was an experienced attorney and business executive with considerable negotiating leverage.

Stevens first argues that the Agreement was not integrated – and that extrinsic evidence of the parties' negotiations should therefore have been admitted – because it was informal, contained no integration clause, and stated expressly that it was only a summary of terms. However, as the district court noted, under Connecticut law an agreement that is not completely integrated may nevertheless be integrated with respect to certain provisions. "A written agreement is integrated and operates to exclude evidence of the alleged extrinsic negotiation if the subject matter of the latter is mentioned, covered or dealt with in the writing." *Associated Catalog Merchandisers, Inc. v. Chagnon*, 557 A.2d 525, 528 (Conn. 1989) (internal quotation marks omitted); *see also* Restatement (Second) of Contracts § 209(1) (defining integrated agreement as one "constituting a final expression of *one or more terms* of an agreement") (emphasis added). The Agreement expressly addressed the topic of Stevens's "economic participation" in Landmark, stating that Landmark was exploring "various options" for such participation, which could take the form of "ownership in the management company, options, profit sharing, or some combination thereof." Because this language made clear that Stevens was not guaranteed an ownership interest, and that his economic "participation" could consist of a share of the profits of the enterprise rather than ownership or the equivalent, the district court properly excluded extrinsic evidence to the contrary.

Second, Stevens argues that, even if the Agreement was integrated with respect to the form of the program, it was unintegrated with respect to its substance. Specifically, Stevens claims that the Agreement did not revoke the parties' alleged oral agreement that

3

Stevens would receive a share in the growth of Landmark's value, whether through profit sharing or ownership. We agree with the district court's conclusion that the Agreement unambiguously did not entitle Stevens to a share in the growth of Landmark's value because "a right to share in the profits of a firm does not entail the right to share in the proceeds of a sale of the firm or to enjoy any other rights of ownership." 3/20/13 Tr. 17, JSA 67. As the Agreement is explicit that Landmark's obligation could be satisfied through participation in the *profits* of the enterprise, and profit sharing unambiguously does not include a right to share in any appreciation of Landmark's capital *value*, the district court's interpretation of the Agreement was not erroneous.

Stevens also objects to the district court's denial of discovery and exclusion of evidence relating to Landmark's value at the time of his termination in 2008 and at the time of the company's partial sale in 2010. Because these claims are premised on Stevens's asserted entitlement to a share in the growth of Landmark's value, which we conclude he did not have, we likewise find no error in these rulings.

Finally, Landmark has stated that its cross-appeal concerns issues that it seeks to raise only in the event that this Court vacates the district court's judgment and remands for a new trial on Stevens's appeal. Because we affirm the district court's judgment, we do not address the merits of those issues and dismiss Landmark's cross-appeal.

4

We have considered all of Stevens's remaining arguments and find them to be without merit. For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court